IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Gregory Fife, | ) |
| | ) |
|     Petitioner, | ) Case Nos. 1:03-CR-149 |
| | )               1:03-CR-158 |
|   vs. | ) |
| | ) |
| United States of America, | ) |
| | ) |
|     Respondent. | ) |

O R D E R

This matter is before the Court on Petitioner Gregory Fife's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 44 in Case 1:03-CR-149, Doc. No. 18, in Case No. 1:03-CR-58). For the reasons that follow, Petitioner's motion is well-taken and is **GRANTED.**

Petitioner in these two cases is a federal prisoner serving concurrent 211-month sentences after entering guilty pleas to two counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) & (d). At the time of the original sentencing hearing in May 2004, the Court determined that Petitioner was a career offender pursuant to § 4B1.1 of the Sentencing Guidelines because his prior convictions in Ohio for aggravated robbery and aggravated burglary were "crimes of violence" as defined by § 4B1.2. Because of the career offender designation, Petitioner's offense level under the Sentencing Guidelines was 34 and his criminal history category was VI. Without the career offender designation, Petitioner's offense level would have been 28 and his criminal history category would have been V. After applying a three-point reduction for acceptance of responsibility and entering

a timely plea, Petitioner's final offense level was 31. Petitioner's sentencing range, therefore, was 188 to 235 months of imprisonment. Without the career offender designation, Petitioner's final offense level would have been 25 after the three-point reduction for acceptance of responsibility and a timely plea and his sentencing range would have been 100 to 125 months of imprisonment.

Petitioner's career offender designation was affirmed on direct appeal but the Court of Appeals remanded the case for re-sentencing in light of the U.S. Supreme Court's intervening decision in United States v. Booker, 543 U.S. 220 (2005). Doc. No. 34. Upon the parties's stipulation, the Court re-sentenced Petitioner to 211 months of imprisonment. Doc. Nos. 37-40. Petitioner waived the right to appeal the new sentence. Doc. No. 37.

In May 2016, Petitioner filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In his motion, Petitioner contends that his career offender designation is no longer valid in light of the U.S. Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the U.S. Supreme Court decided that the definition of "violent felony" in the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague and invalidated it. In United States v. Pawlak, ___F.3d___, No. 15-3566, 2016 WL 2802723 (6th Cir. May 13, 2016), the Sixth Circuit held that Johnson applies to the Sentencing Guidelines and renders unconstitutionally vague the identically-worded definition of "crime of violence" in the residual clause of the career offender guideline. Both the Supreme Court and the Sixth Circuit have held that Johnson announced a new rule of substantive law that applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016); In re Watkins, 810 F.3d 375 (6th Cir. 2015).

In his motion, Petitioner argues that his predicate aggravated robbery and aggravated burglary convictions no longer qualify as "crimes of violence" after Johnson and Pawlak and that, therefore, his career offender designation is unlawful. Petitioner argues further that Johnson applies retroactively to the Sentencing Guidelines in light of Pawlak and recent Supreme Court decisions in Peugh v. United States, 133 S. Ct 2072 (2013), and Molina-Martinez v. United States, 136 S. Ct. 1338 (2016), all of which indicate that the Sentencing Guidelines are substantially substantive despite the fact that they are technically advisory. Cf. Pawlak, 2016 WL 2802723, at *4 ("We conclude that it would be erroneous after Peugh to view the Guidelines as so distinguishable from 'statutes fixing sentences' to be immune from vagueness challenges but not other constitutional attacks. Post-Johnson and Peugh, the fact that the Guidelines are not mandatory is a distinction without a difference.")(internal citation omitted). Thus, Petitioner argues that Johnson is a substantive rule that applies retroactively to invalidate his career offender designation.

In response, the government concedes that were Petitioner being sentenced today, or were his case on direct appeal, his predicate aggravated burglary and aggravated robbery convictions no longer qualify as "crimes of violence" under the Sentencing Guidelines. In other words, the government concedes that Petitioner would not be a career offender under the current state of the law. The government argues, however, that as applied to the Sentencing Guidelines, Johnson only announced a new, non-watershed procedural rule that does not apply retroactively to cases on collateral review. The government, therefore, argues that Petitioner is not entitled to relief from the career offender guideline. Alternatively, the government argues that the Court should hold Petitioner's motion in abeyance in light of the Supreme Court's recent grant of certiorari in

Beckles v. United States, No. 15-8544, in which one of the questions presented is "Whether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2)?"

Although there is some disagreement among courts, the Court agrees with Petitioner that in view of Pawlak it is not appropriate to distinguish the Sentencing Guidelines from the ACCA on the grounds that the ACCA is substantive and the Sentencing Guidelines are procedural. Pawlak clearly treated the Sentencing Guidelines as being substantive in effect in order to conclude that § 4B1.2(a)(2)'s residual clause is unconstitutionally vague. Since it is clear that Johnson is a substantive rule that applies retroactively to cases on collateral review, Welch, Watkins, and Pawlak show that Johnson should be applied retroactively to invalidate Petitioner's career offender designation.

Although it is tempting to adopt the government's suggestion to hold Petitioner's motion in abeyance until the Supreme Court decides Beckles, the Court notes that Petitioner has been in federal detention for almost exactly 13 years whereas his advisory sentencing range without the career offender designation tops out at just over 10 years of imprisonment. The Court does have discretion to impose a sentence greater than the advisory range indicates. Since, however, the Court originally imposed a within-Guidelines sentence, absent some extraordinary intervening change in Petitioner's 18 U.S.C. § 3553(a) factors, he would quite likely receive a within-Guidelines sentence again. Petitioner, therefore, has quite likely served a greater sentence than the Court would impose at re-sentencing. Consequently, it would be unjust to hold Petitioner's motion in abeyance pending the Supreme Court's decision in Beckles.

## Conclusion

**IT IS THEREFORE ORDERED THAT:**

1. Petitioner's motion to vacate, set aside or correct sentence is well-taken and is **GRANTED.**

2. The Court's case administrator is directed to set this matter for a status conference.

Date July 13, 2016                      s/Sandra S. Beckwith
                                               Sandra S. Beckwith
                              Senior United States District Judge